737 So.2d 255 (1999)
STATE of Louisiana
v.
Coby MYERS.
No. 98-KA-899.
Court of Appeal of Louisiana, Fifth Circuit.
May 19, 1999.
*257 Katherine M. Franks, Baton Rouge, Louisiana, Attorney for Appellant.
Paul D. Connick, Jr., District Attorney 24th Judicial District, Terry M. Boudreaux, Ellen S. Fantaci, Michael S. Futrell, Richard C. Bates, Assistant District Attorneys, Attorneys for Appellee.
Panel composed of Judges H. CHARLES GAUDIN, JAMES L. CANNELLA and MARION F. EDWARDS.
EDWARDS, Judge.
Defendant/appellant Coby Myers appeals the judgment of the trial court finding him guilty of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. For the following reasons, we affirm and remand with instructions.
Defendant was arrested for a break-in which occurred on June 28, 1996. On the date in question, Sergeant Wayne Kron of the Jefferson Parish Sheriffs Office was dispatched to 2504 Arizona Street in response to a burglar alarm. Upon arriving at the home, Sergeant Kron noticed that a screen had been pulled off and a side window had been broken. While investigating, the officer heard a disturbance in the front of the house. He observed two black males running from the front of the house and ordered them to stop. The two perpetrators looked directly at the officer, smiled, and continued their escape. Sergeant Kron was unable to apprehend them.
Approximately ten days after the burglary, Sergeant Kron viewed two photographic line-ups in an attempt to identify the perpetrators. He immediately identified the defendant as one of the persons he witnessed flee from the residence. Based on this identification, defendant was arrested and charged with the crime of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2.
Defendant pled not guilty at his arraignment on October 23, 1996. Following the *258 denial of defendant's Motion to Suppress Evidence and Identification, a twelve-person jury was empaneled on July 15, 1997. After viewing the testimony and evidence presented, they returned a verdict of guilty as charged. The trial judge sentenced defendant to ten (10) years at hard labor. The State then filed a multiple offender bill of information alleging that defendant was a second felony offender.
On November 12, 1997, the trial court adjudicated defendant a second felony offender and vacated his prior sentence. The trial court then sentenced defendant to twelve (12) years at hard labor. Defense counsel objected to the excessiveness of the sentence and immediately filed a Motion for Appeal. The matter is now before this Court for review.

LAW AND ANALYSIS
Defendant alleges six assignments of error for this Court's review. Assignments of Error One and Two, which shall be discussed jointly, allege that certain jurors were excluded strictly on the basis of race in violation of equal protection guarantees. Assignment of Error Three alleges that the evidence introduced was insufficient to form the basis for a conviction where the identification evidence elicited by the State was unreliable and did not negate the probability of misidentification and no physical evidence connected defendant to the burglary. Assignment of Error Four alleges that the sentence imposed by the trial court was excessive. Assignment of Error Five alleges ineffective assistance of counsel in failing to file a Motion to Reconsider Sentence following defendant's resentencing. The defendant has also requested a review of the record for errors patent. The State of Louisiana has filed a Motion to Correct Illegally Lenient Sentence, which was incorporated into its response brief. This issue is also before the Court for review.
Assignment of error one alleges that the trial judge erred in not sustaining the defense objection to the prosecutor's use of peremptory challenges to exclude jurors on the basis of race. Assignment of error two alleges that the trial judge erred in not requesting race-neutral reasons for excluding six black jurors where the defense established a prima facie case that the prosecutor's peremptory challenges were based solely on the race of the prospective jurors. These issues shall be addressed jointly as follows.
Equal protection guarantees that criminal defendants have the right to be tried by a jury selected by nondiscriminatory criteria. U.S.C.A. Const.Amend. 14; Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). It has been established that the use of peremptory challenges based solely on a juror's race is prohibited. Id.
To prevail on a Batson claim that a prosecutor used peremptory challenges in a manner violative of the Equal Protection Clause, a defendant must first make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of a juror's cognizable racial background. In determining whether the defendant has established a prima facie case of discrimination, the trial judge should consider all relevant circumstances, including any pattern of strikes by the prosecutor against minority jurors, and any questions or statements by the prosecutor during voir dire examination or in the exercise of his challenges, which may support or refute an inference of purposeful discrimination. Batson v. Kentucky, 476 U.S. at 98, 106 S.Ct. at 1722-1723; State v. Collier, 553 So.2d 815, 819 (La. 1989). If the defendant is unable to make a prima facie case of purposeful discrimination in the prosecutor's use of peremptory challenges, the Batson challenge automatically fails and it is not necessary for the State to offer race-neutral explanations. State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272; State v. Jackson, 96-661 (La.App. 5th Cir. 4/9/97), 694 So.2d 440; writs denied, 97-1050 *259 (La.10/13/97), 703 So.2d 609, and 97-1255 (La.10/13/97), 703 So.2d 612.
In the present case before the bar, defense counsel objected to the rejection of two black jurors in each of the three panels of potential jurors. However, defendant has not made a prima facie case of purposeful discrimination. There is no proof in the record that the rejection of these six potential jurors was in any way predicated upon race. This Court in the two recent decisions of State v. Jackson, supra and State v. Alas, 622 So.2d 836 (La.App. 5th Cir.1993); writ denied, 629 So.2d 397 (La.1993), was faced with similar Batson challenges. In those cases, this Court found that the defendant had failed to make a prima facie showing by simply objecting to the State's use of peremptory challenges.
Due to the lack of evidence presented by defendant of improper use of peremptory challenges by the State, it is the opinion of this Court that defendant has failed to make a prima facie case and the Batson challenge must automatically fail. State v. Green, supra.
In his third assignment of error, the defendant alleges that the evidence presented at trial was insufficient to form the basis of a conviction. More specifically, defendant alleges that the method of identification used by the State was unreliable and did not negate the probability of misidentification.
A defendant who seeks to suppress an identification must prove that the identification itself was suggestive and that there was a likelihood of misidentification as a result of the identification procedure. State v. Lowenfield, 495 So.2d 1245 (La. 1985); cert. denied, 476 U.S. 1153, 106 S.Ct. 2259, 90 L.Ed.2d 704 (1986); rehearing denied, 478 U.S. 1032, 107 S.Ct. 13, 92 L.Ed.2d 768 (1986); State v. Barnes, 592 So.2d 1352 (La.App. 5th Cir.1991). A photographic line-up is considered suggestive if the photographs display the defendant in such a manner that the witness's attention is unduly focused on the defendant. A line-up is also suggestive if there is not a sufficient resemblance of characteristics and features of the persons in the line-up. State v. Gabriel, 542 So.2d 528 (La.App. 5th Cir.1989); writ denied, 558 So.2d 566 (La. 1990).
However, strict identity of physical characteristics among the persons depicted in the photographic array is not required. All that is required is a sufficient resemblance to reasonably test the identification. This determination is made by examining articulable features of the pictures such as height, weight, build, hair color, length and texture, facial hair, skin color and complexion, and the shape and size of the nose, eyes, lips, etc. State v. Smith, 520 So.2d 1305 (La.App. 5th Cir. 1988).
In the instant case each photographic line-up consisted of six photographs. It appears that the physical characteristics were sufficiently matched to reasonably test each identification.
Even should the identification be considered suggestive, this alone does not violate due process, for it is the likelihood of misidentification which violates due process, not merely the suggestive identification procedure. State v. Smith, supra.
The factors to consider in determining if an identification is reliable are the following:
1. the opportunity of the witness to view the criminal at the time of the crime;
2. the witness's degree of attention;
3. the accuracy of the witness's prior description of the criminal;
4. the level of certainty demonstrated at the confrontation; and
5. the length of time between the crime and the confrontation.
Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); Neil v. *260 Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
The application of the Manson factors to the facts of the present case leads to the conclusion that there was not a substantial likelihood of misidentification in this case. Officer Kron saw defendant in the daylight at a distance of ten to fifteen feet and defendant turned toward him and smiled as he fled. Therefore, based on this set of circumstances, it is not unreasonable that Officer Kron was able to positively identify the defendant. It is the opinion of this Court that the trial court did not err in denying the Motion to Suppress.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Styles, 96-897 (La.App. 5th Cir. 3/25/97), 692 So.2d 1222, 1232; writ denied, 97-1069 (La.10/13/97), 703 So.2d 609; State v. Hebrard, 94-410 (La.App. 5th Cir. 1/31/95), 650 So.2d 352; State v. Mussall, 523 So.2d 1305 (La.1988).
The Louisiana Supreme Court in State ex rel Graffagnino v. King, 436 So.2d 559, 563 (La.1983) stated:
It is the role of the fact-finder to weigh the respective credibilities of witnesses, and this court will not second-guess the credibility determinations of the trier of fact beyond our sufficiency evaluations under the Jackson standard of review.
It is not the function of the appellate court to assess the credibility of witnesses or to reweigh the evidence. State v. Rosiere, 488 So.2d 965, 968 (La.1986); State v. Sampson, 95-58 (La.App. 5th Cir. 5/30/95), 656 So.2d 1085, 1088; writ denied, 95-1665 (La.11/27/95), 663 So.2d 730. In the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the court, is sufficient to support a conviction or convictions. State of Louisiana in the Interest of L.A., 95-409 (La.App. 5th Cir. 12/13/95), 666 So.2d 1142.
The crime of simple burglary of an inhabited dwelling is codified in LSA-R.S. 14:62.2, which states in part:
Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
In order to convict an accused of simple burglary of an inhabited dwelling, the State must prove: (1) there was an unauthorized entry; (2) the structure was inhabited at the time of entry; and (3) defendant had the specific intent to commit a felony or theft inside the structure. State v. Tran, 97-640 (La.App. 5th Cir. 3/11/98), 709 So.2d 311.
In the present case before the bar, the trial court determined that the State proved beyond a reasonable doubt the three elements of simple burglary of an inhabited dwelling. It is the opinion of this Court that the trial court did not err in finding sufficient evidence to convict the defendant of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2.
In his fourth assignment of error, defendant alleges that his enhanced sentence of twelve years for simple burglary of an inhabited dwelling is excessive because the trial court's articulated reasons are not supported by the record and because the trial court used defendant's prior cocaine conviction to twice "enhance" his sentence.
It is first noted that defendant did not file a motion to reconsider sentence following the imposition of his enhanced sentence. LSA-C.Cr.P. art. 881.1 provides that a defendant may file a motion to reconsider sentence within thirty days of sentencing. The article requires that the *261 motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes the defendant from raising those grounds on appeal. State v. Mims, 619 So.2d 1059 (La.1993); State v. Holmes, 94-907 (La.App. 5th Cir. 3/15/95), 653 So.2d 642. In State v. Mims, the Louisiana Supreme Court was silent as to whether the failure to comply with article 881.1 precludes even a claim of constitutional excessiveness. Therefore, in an abundance of caution, we shall consider the issue of whether the sentence was constitutionally excessive. See Jackson v. State, supra.
The Eighth Amendment to the United States Constitution and Article 1 § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5th Cir.1991); writ denied, 577 So.2d 1009 (La.1991).
In the present case defendant was convicted of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2 which has the following penalty provision:
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.
Defendant was also adjudicated a second felony offender and sentenced to twelve (12) years at hard labor. Under Louisiana's Habitual Offender Law, the sentencing range for a second offender is a minimum term of one-half and not more than twice the maximum term prescribed for the first conviction. LSA-R.S. 15:529.1(A)(1)(a). As a result of being adjudicated a second offender, defendant faced a sentencing range of six (6) to twenty-four (24) years.
The trial court based defendant's sentence on his prior criminal history contained in the pre-sentence investigation. Defendant's prior conviction was for possession of cocaine. Further, less than one month after being placed on probation for that conviction defendant committed the instant offense. Therefore, it is the opinion of this Court that the sentence imposed by the trial court was not constitutionally excessive and must be affirmed.
Defendant's fifth assignment of error, that of ineffective assistance of counsel, is moot. Defendant alleges that his trial counsel was ineffective in failing to file a Motion to Reconsider Sentence following his resentencing under the multiple bill. However, in an abundance of caution, this Court has chosen to review the defendant's sentence to determine if it was constitutionally excessive. Therefore, this assignment of error is moot and will not be addressed by the Court.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983).
LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The record reflects that the trial court in this case did not so inform defendant. Therefore, we hereby order the trial court to send written notice of the prescriptive period to defendant within ten (10) days of the rendering of this Court's opinion, then file written proof in the record that defendant had received such notice. State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289, 1291.
The State of Louisiana has filed a Motion to Correct Illegally Lenient Sentence, which was incorporated into its response *262 brief. The State alleges that the trial court erred by not requiring that defendant's twelve (12) year sentence be served without benefit of parole, probation, or suspension of sentence.
The State did not question the illegally lenient sentence in the trial court either by filing a motion to reconsider sentence or by objecting to the sentence at the time it was imposed. LSA-C.Cr.P. art. 881.1(D) states:
D. Failure to make or file a motion to reconsider sentence or to include specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the State or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
This provision is further reinforced by LSA-C.Cr.P. art. 881.2(B) which states:
B. The State may appeal or seek review of a sentence:
(1) If the sentence imposed was not in conformity with:
(a) Mandatory requirements of the statute under which the defendant was convicted, or any other applicable mandatory sentence provision; or
(b) The applicable enhancement provisions under the Habitual Offender Law, R.S. 15:529.1; and
(2) If the State objected at the time the sentence was imposed or made or filed a motion to reconsider sentence under this Article.
This Court has not interpreted the effect that the enactment of LSA-C.Cr.P. arts. 881.1 and 881.2 has on attempts by the State to appeal illegally lenient sentences. However, other circuits have been faced with this issue, and we choose to adopt the reasoning of those courts that LSA-C.Cr.P. arts. 881.1 and 881.2 require that the State move to reconsider the sentence in the trial court or object to the sentence at the time the sentence was imposed. State v. Thomas, 95-2348 (La.App. 1st Cir. 12/20/96), 686 So.2d 145; writ denied, 97-0192 (La.3/14/97), 690 So.2d 36; State v. Bagneris, 93-2454 (La.App. 4th Cir. 2/25/94), 633 So.2d 835; State v. Washington, 621 So.2d 114 (La.App. 2nd Cir.1993); writ denied, 626 So.2d 1177 (La.1993). Therefore, it is the opinion of this Court that the State's Motion to Correct Illegally Lenient Sentence must be denied.
In summary, it is the opinion of this Court that the defense has failed to establish a prima facie case under Batson that the prosecution excluded potential jurors strictly on the basis of race. Furthermore, it is the opinion of this Court that the evidence presented at trial was sufficient to sustain defendant's conviction of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2, and the sentence imposed by the trial court for this crime was not excessive. The State's Motion to Correct Illegally Lenient Sentence must be denied because the State failed to file a Motion to Reconsider Sentence at the trial court. Finally, the trial court is instructed to inform defendant of the time limitations for filing an appeal in accordance with LSA-C.Cr.P. art. 930.8.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.