759 So.2d 141 (2000)
STATE of Louisiana
v.
Lisa JOSEPH.
No. 99-KA-1161.
Court of Appeal of Louisiana, Fifth Circuit.
March 22, 2000.
*142 Harry J. Morel, Jr., District Attorney, Jerry A. Rome, Assistant District Attorney, 29th Judicial District, Parish of St. Charles, Hahnville, Louisiana, Attorneys for Plaintiff/Appellee.
Carey J. Ellis, III, Rayville, Louisiana, Attorney for Defendant/Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., SOL GOTHARD and MARION F. EDWARDS.
GOTHARD, Judge.
The defendant, Lisa Joseph, was convicted of possession of cocaine in violation of LSA-R.S. 40:967 C. After adjudication as a second felony offender, defendant was sentenced to eight years at hard labor, *143 concurrent with any time she was currently serving as a result of her probation revocation. Defendant subsequently sought, and was granted, an out-of-time appeal.
On appeal, defendant assigns as error her claim of excessiveness of sentence, and errors patent. We affirm defendant's conviction and sentence.

FACTS
After receiving a tip that a person named Michael Gross was dealing narcotics in hotel room number 232, hotel security guard Arthur Chalona contacted the police department. Sergeant Faucheux, Corporal Zeller and Deputy Miguez responded to the complaint. After knocking on the door of Room 232 and obtaining no response, the officers left the hotel.
Corporal Zeller, the first to leave, saw Gross' truck as he pulled onto the highway from the parking lot. He observed two black females in the truck. Zeller radioed his fellow officers, and then followed the truck into the lot. Zeller activated his overhead emergency lights and the truck stopped. Defendant exited the driver side, and the other female (identified as Tiona Harris) exited the passenger side. Zeller saw an unidentified object fall to the ground from the passenger side of the truck, which was discovered to be crack cocaine wrapped in a napkin. Upon questioning, defendant admitted that she and Harris had been in the hotel room with Gross and that they had been smoking marijuana and crack cocaine, and shooting up with heroin, and that Gross was still in the hotel room.
A total of twenty-two "rocks" of crack cocaine were found inside the truck and on the ground around both the driver and passenger doors of the truck.

ANALYSIS
Defendant first alleges that the eight year sentence imposed by the trial court is unconstitutionally excessive. Initially, while defendant did not file a timely formal motion to reconsider sentence, the record contains a timely pro se letter requesting the trial judge reconsider her sentence. Defendant subsequently filed two formal pro se motions for reconsideration, which were denied by the trial court. We construe defendant's letter as a pro se motion, and find it timely for reconsideration in compliance with La.C.Cr.P. art. 881.1, and we review the merits of defendant's allegation of error.
The Eighth Amendment to the United States Constitution and Article 1 § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
State v. Myers, 98-899, p. 10 (La.App. 5 Cir. 5/19/99), 737 So.2d 255, 261.
In State v. Sanders, 98-855, pp. 4-5 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1278 (citations omitted), this court articulated:
In reviewing a sentence for excessiveness, this court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. The trial judge is afforded wide discretion in determining a sentence and, if the record supports the sentence imposed, the court of appeal will not set aside a sentence for excessiveness. A sentence may be reviewed for excessiveness even though it is within statutory range.
See also La.C.Cr.P. art. 881.4 D.
The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Lobato, 603 So.2d 739, 751 (La.1992) (citing State v. Square, 433 So.2d 104, 110 (La.1983)).
In the present case, defendant was convicted of possession of cocaine and adjudicated a second felony offender. Her *144 sentencing exposure, as a result of the enhancement, was a minimum of two-and-one-half years to a maximum of ten years. La. R.S. 40:967 C(1); La. R.S. 15:529.1 A(1)(a), and thus, her eight-year sentence fell within the upper limits of the sentencing range.
The trial judge gave the following reasons for sentencing:
In reviewing the pre-sentence investigation in this case, it appears that you, you have had and acknowledged a drug problem for what amounts to over 12 years...
... you have two children, ages four and six ... And somebody who has a cocaine problem ... makes what's called crack babies ... Crack babies have a life sentence ... Those children don't deserve that...
I'm not punishing you because you have children who may or may not be crack babies ... You just don't learn. You didn't learn. You were given every opportunity under the first sentence to clean up your act, and you chose not to do it. So what do you do instead? You still use the stuff, and then you engage in attempting to sell the stuff. You're not convicted of attempted distribution, you're not convicted of distribution, but the facts that came out at trial, there's no doubt in this Court's mind that's what your business was on that day ... They had too much cocaine around. They had, the people you were hanging with, it's clear, you were there to get rid of, to sell the stuff, to make money to probably support yourself, your habit, and that's unfortunate for you. It's even more unfortunate for your children.
... anybody who acknowledges the first time around, "I made a mistake, I want help," and who takes advantage of the situation and does it, I'll go the extra mile for them ... I'll do anything in the world to help them, but you didn't go that route, you went the other route.
I note for the record that your first conviction terminated in revocation of your probation also. My point is, you didn't take advantage of it in your first conviction, of "it," meaning probation, and I know would not take advantage of it in your second conviction. So therefore, eight years is your sentence. I hope that you take advantage of whatever programs are in the prison system to clean up your act. You still will be young when you get out, young enough to have a productive life[.]
According to the Pre-Sentence Investigation report, defendant was thirty-one years of age at the time of sentencing. Her prior criminal history, contained in the pre-sentence investigation, shows a prior conviction for distribution of cocaine for which defendant received probation. The trial judge noted that defendant had a drug problem, and that she had been given the opportunity to address the problem when she received probation for her prior conviction. The trial judge considered that defendant failed to take advantage of the opportunity for rehabilitation, and he was of the opinion that defendant was likely to commit further drug-related offenses.
Considering these circumstances, and factual support from the record for the trial judge's reasons, we do not find that the trial judge abused his discretion in sentencing defendant. We consider the statutory limits of the sentence, the trial judge's failure to impose the maximum sentence, the trial judge's imposition of a sentence which was concurrent with the revoked sentence in the predicate conviction instead of consecutive,[1] the amount of cocaine present, and defendant's poor likelihood to benefit from probation or rehabilitation absent correctional treatment, and we find that the sentence imposed is not constitutionally excessive.
Defendant also requests that we review the record for patent error, which we have *145 done in accordance with La.C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975).
Defendant correctly notes that there was an error patent in the multiple offender proceeding wherein the trial court failed to advise the defendant of her right to remain silent at an arraignment on the multiple offender bill. See, La. R.S. 15:529.1 D(1)(a) and (3). However, defendant further notes that she did not testify and, therefore, suffered no adverse effects warranting reversal, citing State v. McDonald, 562 So.2d 25, 26 (La.App. 5 Cir.1990).
On error patent review, we note the following errors which require consideration.
At the enhanced sentencing hearing, defendant was not advised of the prescriptive period for filing post conviction relief. Although the trial judge was mindful of the oversight when he later ordered that defendant be so advised and that proof of the receipt of the notice be placed in the record, the record is devoid of any indication defendant received notice. Accordingly, for purposes of this error patent review, we deem that the trial judge failed to advise defendant of the delay period for filing post-conviction relief.
At the time of sentencing, La.C.Cr.P. art. 930.8 provided that a defendant has three years from the day the judgment becomes final in which to file an Application for Post Conviction Relief. Article 930.8 was amended by 1999 La. Acts 1262, effective August 15, 1999, to shorten that prescriptive period. The article, as amended, provides in part that:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
* * *
(3) the application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
The application of the amended prescriptive period does not violate ex post facto prohibitions, because the article itself does not relate to an offense or its punishment. State v. Boles, 99-662 (La.App. 5 Cir. 11/10/99), 750 So.2d 1059. Accordingly we remand this matter and order the trial judge to send written notice of the amended prescriptive period (along with advisal of when the period begins to run) to defendant within ten days of the rendering of this opinion, and to file written proof in the record that defendant received such notice.
La.C.Cr.P. art. 871 A requires the sentence to be recorded in the minutes of the court. The recorded minute entry notes that defendant was adjudicated a second offender without noting she was adjudicated a second felony offender and without stating the nature of the predicate or the underlying convictions. It does, however, indicate the correct sentence. Additionally, the record is confusing since the Department of Corrections Packet contains a document, which is unsigned by the trial judge, but certified by the deputy clerk, stating incorrectly that defendant was convicted of possession with intent to distribute cocaine. The document appears to be in the form of a commitment. These documents are inconsistent with the sentencing transcript.
Where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
Thus, we order the trial court to correct the record to reflect the correct offense of which defendant was convicted and to reflect *146 that defendant was adjudicated a second felony offender.
For the above discussed reasons, defendant's conviction and sentence are affirmed. The case is remanded and the trial court is ordered to inform the defendant of the proper time period of seeking appropriate relief and to amend the minute entry and/or commitment as directed.
CONVICTION AND SENTENCE AFFIRMED; MATTER REMANDED.
NOTES
[1] See LSA-C.Cr.P. art. 883.