|, KLEES, Chief Judge.
On August 13, 1997, the defendant, Eric Dunn, was charged by bill of information with armed robbery in violation of La. R.S. 14:64. The defendant entered a plea of not guilty at his arraignment on August 21, 1997. The trial court conducted a motion healing on September 8, 1997 and found probable cause. After a jury trial on September 24, 1998, the defendant was convicted of armed robbery. A multiple bill and sentencing hearing was held on November 12, 1998. The trial court adjudicated the defendant a third felony offender and sentenced the defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. The trial court denied defendant’s motion to reconsider sentence. This appeal followed.

STATEMENT OF FACTS

In the early morning hours of July 9, 1997, Earl Phillips was performing at the R & B Club on Bourbon Street. When the band took a break at approximately 1:45 a.m., Phillips walked to the A & P grocery store at the intersection of St. Peter Street and Royal Street. Phillips saw the defendant asking people for money. He gave the defendant three dollars. Phillips then walked back to the club. Later that morning, Phillips got a ride home with one of the waitresses. A short time later, Phillips left his house and walked to a bakery on St. Anthony Street. As Phillips got closer to the bakery, he noticed the defendant walking towards him. The defendant approached Phillips with a knife and attempted to pull Phillips’ necklace. Phillips grabbed defendant’s hand, and the two men began wrestling. The ^defendant took Phillips’ hat and approximately sixty dollars from Phillips’ pants pocket. After the defendant left, Phillips walked home and told his brothers about the incident. However, Phillips did not call the police because Phillips believed he would see the defendant the next day in the French Quarter. The next day, Phillips told his co-workers about the robbery. At approximately 10:30 p.m., Phillips saw the defendant standing outside the lounge. Phillips told one of the other musicians that the defendant was standing outside the lounge. The musician told Phillips he should report the incident to the police officer stationed nearby. Phillips went to the police officer and reported the robbery. The officer thereafter arrested the defendant. While Phillips and the defendant were at the police station, the defendant cursed out Phillips.
Officer Kevin Guillot was working in the French Quarter on July 10, 1997. At approximately 10:30 p.m., the officer was approached by Phillips who told him about the robbery. Phillips identified the defendant as the person who robbed him. Officer Guillot detained the defendant and took him to the police station. The defen *676 dant was arrested and advised of his rights. While at the police station, the defendant told Phillips, “I know where you work, I know where you live, and when I get out, you’re a dead man.”

ERRORS PATENT

A review of the record for errors patent reveals that the trial court failed to state that the defendant was to receive credit for time served. Failure to credit defendant with time served is an error patent and requires an amendment of sentence. La. C.Cr.P. art. 880. A review of the sentencing transcript indicates that the trial court omitted advising the defendant of this credit. However, the commitment paper is part of the record, and it reveals that the | ^defendant received credit for all time served. The Department of Corrections will credit defendant with the time served. Thus, there is no merit in this argument. The defendant next complains that he was not informed of the three-year prescriptive period for post-conviction relief as required by La. C.Cr.P. art. 930.8. However, this article is a directive to the trial court, and provides no remedy for an individual defendant. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. This argument is without merit.

ASSIGNMENT OF ERROR NUMBER 1

In this assignment of error, the defendant contends that the State failed to produce sufficient evidence to support his conviction for armed robbery.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable, doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
La. R.S. 14:64 defines armed robbery as “the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.” The defendant contends that the State did not prove that a taking occurred. However, Mr. Phillips, the victim, testified that the defendant took his hat and sixty dollars in cash. Mr. Phillips stated that while he and the defendant were struggling, the defendant reached into his pants pocket and took his money. The victim’s testimony was sufficient to prove that a taking occurred. The State met its burden of proving, beyond a reasonable doubt, that the defendant was guilty of armed robbery.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 2

The defendant also argues that the trial court erred when it concluded that the defendant was a third felony offender. The defendant suggests that the State failed to prove that the guilty pleas to the prior offenses were voluntary.
In 1993, the Louisiana Legislature enacted La. R.S. 15:529.1(D)(1)(b) to establish “the procedure to be followed to attack the validity of a prior conviction” and “to *677 set forth burdens of proof.” 1993 La. Acts 1993, No. 896. La. R.S. 15:529.1(D)(1)(b) provides as follows:
Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the 1 Rinformation was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
To prove that a defendant is a multiple offender, the state must establish by competent evidence that there is a prior felony and that the defendant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092 (La.1982); State v. Raymond, 97-81 (La.App. 5 Cir. 5/28/97), 695 So.2d 1039, 1044. Where the prior conviction resulted from a plea of guilty, the state must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to this plea of guilty, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Jones, 517 So.2d 402 (La.App. 5th Cir., 1987), writ denied, 522 So.2d 560 (La.1988).
The Louisiana Supreme Court adopted a scheme for burdens of proof in habitual offender proceedings in State v. Shelton, 621 So.2d 769 (La.1993). This scheme was succinctly summarized in State v. Conrad, 94-232 (La.App. 5 Cir. 11/16/94), 646 So.2d 1062, 1064, writ denied, 94-3076 (La.4/7/95), 652 So.2d 1345, as follows:
If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea. In doing so, the State must produce either a “perfect” transcript of the Boykin colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an “imperfect” transcript. If anything less than a “perfect” transcript is presented, the trial court must weigh the ^evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant’s prior guilty plea was informed and voluntary.
In the case at bar, the State produced evidence of the defendant’s two pri- or convictions listed in the multiple bill of information. In July of 1984, the defendant pled guilty to burglary in case number 301-498. The state introduced the bill of information, the docket master, the guilty plea form, the arrest register and the minute entry of the guilty plea. The documents reveal that the defendant was represented by counsel at the time he entered the guilty plea. The defendant, his attorney, and the trial judge signed the waiver of rights form. In addition, the waiver of rights form and the minute entry indicate that the trial court advised the defendant of his right to a jury trial, right *678 to cross-examination of witnesses, privilege against self-incrimination, and right to compel and confront witnesses. The trial court also advised the defendant he could be sentenced from one to twelve years. The trial court ultimately sentenced the defendant to serve three years at hard labor.
Likewise, the trial court advised the defendant of his rights when the defendant pled guilty to two counts of armed robbery in February of 1988 in case number 324-517. The documents presented by the State reveal that the defendant was represented by counsel at the time he entered the guilty pleas. The defendant, defendant’s counsel and the trial judge signed the waiver of rights form. The waiver of rights form and the minute entry of February 8, 1988, indicate that the trial court advised the defendant of his right to a jury trial, right to cross-examination of witnesses, privilege against self-incrimination, and right to compel and confront witnesses. The trial court also advised the defendant that the sentencing range for armed robbery was five to ninety-nine years at hard labor.
17These documents reveal that the State met its burden of proving the validity of the guilty pleas. At that point, the burden of proof was transferred to the defendant to show that there was an infringement of his rights and/or a procedural irregularity in the plea. The defendant has not produced any evidence to meet this burden of proof. Therefore, the trial court did not err when it adjudicated the defendant to be a third felony offender.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 3

The defendant further contends that the sentence imposed by the trial court is unconstitutionally excessive. Although the trial court imposed the mandatory life sentence, the defendant suggests that the life sentence is unconstitutionally excessive under State v. Dorthey, 623 So.2d 1276 (La.1993).
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that “No law shall subject any person ... to cruel, excessive or unusual punishment.”
A sentence within the statutory limit is constitutionally excessive if it is “grossly out of proportion to the severity of the crime” or is “nothing more than the purposeless imposition of pain and suffering.” State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La. C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of |sthe particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
The minimum sentences imposed on multiple offenders under the Habitual Offender Law are presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. The defendant bears the burden of rebutting the presumption that the mandatory minimum sentence is constitutional. State v. Short, 96-2780 (La.App. 4th Cir. 11/18/98), 725 So.2d 23, writ denied, 99-0198 (La.5/14/99), 745 So.2d 11. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it that would rebut the presumption of constitutionality. State v. Johnson, 97-1906 at p. 7, 709 So.2d at 676.
Under La. R.S. 15:529.1, a third felony offender shall be sentenced to life imprisonment at hard labor without benefit of *679 probation, parole or suspension of sentence when “the third felony or either of the two prior felonies is a felony defined as a crime of violence under La. R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years.” Armed robbery is a crime of violence. La. R.S. 14:2(13)(w).
In State v. Mitchell, 96-1896 (La.App. 1st Cir. 6/20/97), 697 So.2d 22, writ denied, 97-1988 (La.1/9/98), 705 So.2d 1098, the defendant was convicted of first degree robbery and simple escape. He was adjudicated a third felony offender on the first degree robbery conviction, and sentenced to life imprisonment at hard labor under the multiple offender statute. The | ¡defendant was noted to have prior convictions for forgery and possession of cocaine. The court noted that the defendant was arrested on the possession of cocaine charge while he was on probation on the forgery conviction. The First Circuit affirmed the defendant’s sentence, concluding that the sentence was not unconstitutionally excessive in light of the defendant’s criminal history.
In the present ease, the trial court imposed the mandatory life sentence, stating:
I find the defendant has been convicted twice in the past of being a multiple offender, and then today, and the conviction in this case, the crime of armed robbery, would mean the defendant has been convicted three times. This conviction is one of a crime of violence and I so find that it is a conviction for a crime of violence.
[[Image here]]
I want to tell you, Mr. Dunn, and I want this made part of the record, that I’m obligated to sentence you to life imprisonment, and therefore, based on the finding that you are a multiple offender according to the multiple offender statute, you are to serve the rest of your natural life in custody direct to the Department of Corrections for the State of Louisiana, and that is without benefit of probation, parole or probation of sentence.
Now, I want to tell you it’s a very close case as to whether or not this is cruel and unusual punishment. The crime was not a vicious crime and had it not been that you were convicted in the past of armed robbery, I would not sentence you to the maximum sentence, but anyway, this is a matter perhaps that the Fourth Circuit and the Supreme Court would like to review because the conviction in this case was one of the least offensive armed robberies that I presided over. That being the case, it’s a matter for the Fourth Circuit to review it. Again, had you not been convicted of an armed robbery in the past, I would not sentence you to the maximum, I would exercise my discretion and sentence you to something much less.
Although the trial court suggested that it thought the sentence might be harsh, it still sentenced the defendant to the mandatory life imprisonment as a result of the defendant’s past criminal history. A review of the documents presented at the multiple bill hearing reveals that the defendant had two prior convictions for armed robbery and one conviction for [^burglary. In July of 1984, the defendant pled guilty to burglary and was sentenced to three years at hard labor. Shortly after his release, the defendant returned to a life of crime. In February of 1988, he pled guilty to two counts of armed robbery and was sentenced to seventeen years at hard labor without benefit of probation, parole or suspension of sentence on each count, with the sentences to be served concurrently. The present offense, another armed robbery, was committed in July of 1997. The defendant’s criminal history clearly supports the imposition of the mandatory life sentence. Further, in the present offense, the defendant attacked the victim with a knife and robbed him of his *680 hat and money. When the victim reported the robbery and identified the defendant as the perpetrator, the defendant threatened the victim’s life in front of the arresting police officer.
Also, it must be noted that the defendant has not produced any evidence to suggest that the sentence is excessive. As such, the trial court did not err when it sentenced the defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
This assignment is without merit.

CONCLUSION

Accordingly, the conviction and sentence of defendant, Eric Dunn, are hereby affirmed.

AFFIRMED.