JjBYRNES, Chief Judge.
Todd Delaune, Jr., was charged by bill of information on January 15, 1999, with solicitation for a crime against nature, a violation of La. R.S. 14:89(A)(2). At his arraignment on January 21st he pleaded not guilty. Probable cause was found and the motion to suppress the evidence was denied after a hearing on February 5th. On May 17th the day set for trial, the defense filed a motion to quash the bill of information which the trial court denied; the defendant then withdrew his earlier plea and entered a plea of guilty as charged under State v. Crosby, 388 So.2d 584 (La.1976). The State filed a multiple bill charging the defendant as a third felony offender; after being advised of his rights, the defendant pleaded guilty to the bill. He was sentenced on that same day to serve forty months at hard labor. The defendant’s motion for an appeal was granted.
The facts are not at issue here.
The defendant argues that the trial court erred in advising him of the time limits for post-conviction relief and also asks for a review of the record for errors patent.
At sentencing, on May 17, 1999, after the judge pronounced the forty-month sentence, she stated that pursuant to La. C.Cr.P. art. 930.8, the defendant had three | ¿years from the date of sentencing to take any writs or appeals in his case. The defendant complains that the trial court erred first in stating that the prescriptive period was three years when La.C.Cr.P. art. 930.8A provides for a two year period. The two year period provided for under La.C.Cr.P. art. 930.8A was not in effect on May 17, 1999 when the trial judge made his pronouncement. The two year period took effect on August 15, 1999, pursuant to Acts 1999, No. 1262, § 1. At the time of the hearing, La.C.Cr.P art. 930.8A provided for a three year period.
The defendant also complains that the time begins to run from the date of the judgment of conviction and sentence become final-not from the date the sentence was imposed. The defendant is correct.
In any event, the Louisiana Supreme Court held in State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197, p. 21 (La.9/5/95), 660 So.2d 1189, 1201, that the language in La.C.Cr. art. 930.8 that is at issue in this case is merely precatory language and does not bestow an enforceable right upon an individual defendant.
We are aware that that there is a line of cases from our learned brethren in the *1099 Fifth Circuit (see especially State v. Joseph, 99-1161 (La.App. 5 Cir. 3/22/00), 759 So.2d 141) that would remand the matter to the trial court, ordering the trial court to notify the defendant of the delays for post conviction relief. However, we decline to follow the procedure set forth in Glover does not suggest that this Court need follow the procedure adopted by the Fifth Circuit. Therefore, this Court will not remand.
A review of the record for errors patent reveals none.
Accordingly, for reasons cited above, the defendant’s conviction and sentence are affirmed.

CONVICTION AND SENTENCE AFFIRMED