I,WILLIAM H. BYRNES, III, Chief Judge.
Robert E. Course appeals his conviction and sentence under State v. Crosby, 338 So.2d 584 (La.1976), for which he pleaded guilty of possession of marijuana with intent to distribute in violation of La. R.S. 40:966(A)(2), and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. We affirm.
In the hearing on the motion to suppress on May 16 and May 18, 2001, Sergeant Steven Gaudet testified that he learned from a confidential informant that a man named Robert was selling marijuana from a residence at 3119 Pine Street. The sergeant set up a controlled purchase and then prepared a search warrant for the house.
Detective Robert J. Ferrier, Jr., testified that as part of the investigation on November 3, 2000, he stood about forty feet from the front door at 3119 Pine Street with an unobstructed view. About 2:00 p.m., he saw a man knock on the door. The defendant Course answered, and a drug transaction appeared to occur. Then Course and the other man got into a car and drove out of the officer’s view. Detective Ferrier contacted other officers in the area to have the car stopped. Course was detained and the other man was searched and found to have marijuana.
| ¡.Detective David Christopher Waite testified that he executed the search warrant at the Pine Street residence. The detective found two large bags of marijuana in the bedroom. He also found scales, a box of bags, a marijuana flag, and mail addressed to the defendant. Detective Raymond Veit testified that he took part in the search of the residence, and he found a fully loaded 9mm handgun and a box of 9mm ammunition under a couch in the living room. Course’s arrest and arraignment followed.
*490 After the May 16 and 18, 2001 hearing, the trial court found probable cause and denied Course’ motion to suppress. On June 26, 2001, Course withdrew his earlier pleas, entered a guilty plea as charged to possession of marijuana with intent to distribute on count one and a guilty plea of attempted possession of a firearm by a convicted felon on count two. The state agreed not to file a habitual offender bill against Course. On the same day, the trial court sentenced Course to serve five years on each count; the sentence on the second count being imposed without benefit of parole, probation, or suspension of sentence. The sentences are to be served concurrently. Course’s Crosby appeal followed.

Statute Provides No Minimum Amount for Imposition of a Fine

On a review for errors patent, we note that Course was sentenced for possession of marijuana with intent to distribute under La. R.S. 40:966(B)(2),[1] which imposes a sentence of five to thirty years (five years of which are to be served without benefit of parole, probation or suspension of sentence, as well as 13payment of a fine of not more than fifty thousand dollars). The trial court did not impose a fine.
Pursuant to La.C.Cr.P. art. 882A, a illegally lenient sentence can be noticed or recognized by the appellate court sua sponte without the issue being raised by the State in State v. Williams, 2000-1725 (La.11/29/01), 800 So.2d 790. Williams retroactively overrules State v. Jackson, 452 So.2d 682 (La.1984) and its progeny, including State v. Fraser, 484 So.2d 122 (La.1986).[2] In reference to La. R.S. 15:301.1,[3] the Louisiana Supreme Court stated that: “When an illegal sentence is corrected, even though the corrected sen *491 tence is more onerous, there is no violation |4of the defendant’s constitutional rights.” Id., 800 So.2d at 798. The Louisiana Supreme Court found that:
Viewing these statutory provisions in light of the defendant’s due process rights and his recognized right in Louisiana to seek appellate review of his conviction, we find no impediment to the Legislature’s statement that La.Rev. Stat. Ann. 15:301.1 was enacted to change the law in State v. Jackson and its progeny. No portion of La.Rev.Stat. Ann. § 15:301.1 conflicts with a constitutional principle to which the legislative enactment must yield. Paragraphs A, B, and C of La.Rev.Stat. Ann. § 15:301.1 simply provide for correction of illegally lenient sentences and neither increase a defendant’s sentencing exposure nor increase a legal sentence. Accordingly, we find that the provisions of this legislative enactment do not impede the defendant’s constitutional right to appeal.
Id., 800 So.2d at 799-800.
The Louisiana Supreme Court stated:
[T]his paragraph ' [La.R.S. 15:301.1(A) ] self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute.
Id., 800 So.2d at 799.
However, the Supreme Court explained:
... As noted earlier, we recognized that this provision [La. R.S. 15:301.1] directs that sentences that require statutory restrictions on parole, or suspension of sentence are “deemed to contain [those] provisions,” ... whether or not the sentencing court pronounces those restrictions at the time of initial sentencing. It is clear from the statutory language that this proviso is self-activated, eliminates the remand for ministerial correction of sentence, and requires no notice to the defendant. Simply stated, the provisions of Paragraphs A and C [of La. R.S. 15:301.1] do not call for amendment as no correction is required. Rather, that which was legislatively mandated at the time of sentencing is recognized as having existed statutorily without pronouncement being necessary. Accordingly, Lwe find it was appropriate for the appellate court in the present case to so note that “[a]t least six months of the [defendant’s] sentence of imprisonment imposed shall be with or without benefit of probation, parole, or suspension of sentence.” La.Rev.Stat. Ann. § 14:98(D)(1). However, because of the complete failure of the sentencing court to abide by any of the sentencing requirements of La.Rev.Stat. Ann. § 14:98(D)(1) and because an element of sentencing discretion existed as re *492 gards the length of sentence served without benefit of parole, probation, or suspension of sentence, it was necessary for the appellate court to remand the matter to the trial court for re-sentencing. [Emphasis added.]
Id., 800 So.2d at 801.
Also, the Louisiana Supreme Court noted:
... the authority of the appellate court to recognize sentencing error arises in part from the self-activating provisions of La.Rev.Stat. Ann. § 15:301.1(A) (i.e., the failure to impose sentence without benefit of parole, probation, or suspension of sentence) and under the general provisions of La.Code Crim. Proc. Ann. art. 882 (the sentencing errors other than those which fall under La.Rev.Stat. Ann. § 15:S01.1(A)). Under the provisions of article 882, “[a]n illegal sentence may be corrected at any time by ... an appellate court on review.” ... [Emphasis added.]
Id., 800 So.2d at 802.
In footnote 6, the Louisiana Supreme Court referred to State ex rel. Pierre v. Maggio, 445 So.2d 425 (La.1984), and remarked that:
State ex rel. Pierre v. Maggio, ... has little application, if any, to the present case. The Pierre decision prohibited the Department of Public Safety and Corrections (“DOC”) from interpreting terms and conditions of imprisonment. Thus, when a trial court omitted parole restrictions in the pronouncement of sentence for a crime the penalty of which carried parole restrictions, under Pierre, the DOC records had to track the sentence imposed, for the “custodian’s obligation is to see that the sentence imposed is the sentence served.” Id. at 425.
Under La.Rev.Stat. Ann. § 15:301.1, DOC may safely | (¡determine an inmate’s parole eligibility by reference to the statute under which sentence was imposed.
Id., 800 So.2d at 797.
In his concurrence, Justice Pro Tempore Lobrano asserted that: “The majority also correctly finds that the sua sponte correction of an illegal sentence by an appellate court violates no constitutional provisions simply because no one has a constitutional right to an illegal sentence.” Id., 800 So.2d at 803. The appellate court may recognize an error without remand where there is no element of sentencing discretion as stated in Williams, id.
In the present case the trial court did not provide for five years without benefit of parole, probation or suspension of sentence on count one in violation of LA. R.S. 40:966(B)(2). Because the trial court provided for five years without the above benefits on count two, and the sentences are to be served concurrently, the result is the same. The trial court has the discretion to determine the amount of the fine up to $50,000. Although a maximum fine is provided, the minimum fine is not delegated by the statute, La. R.S. 40:966(B)(2). The trial court has discretion to impose a fine with no minimum up to $50,000. Where there is no minimum fine provided by the statute, the trial court did not abuse its discretion in omitting the fine, and no error patent exists.

Failure to Advise Defendant of Correct Time Limitation for Postr-Conviction Relief

Course argues that the judge erred in failing to advise him of the time limitations for post-conviction relief under La. C.Cr.P. art. 930.8.
Further, La.C.Cr.P. Art. 930.8A provides in pertinent:
*493 A.No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the |7;judgment of conviction and sentence has become final under the provisions of Article 914 or 922 ...
La.C.Cr.P. Art. 922 provides:
Art. 922. Finality of judgment on appeal
A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, in term time or out, a party may apply to the appropriate court for a rehearing. The court may act upon the application at any time.
B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.
C. If an application for a rehearing has been made timely, a judgment of the appellate court becomes final when the application is denied.
D. If an application for a writ of review is timely filed with the supreme court, the judgment of the appellate court from which the writ of review is sought becomes final when the supreme court denies the writ.
The time limit to file for post-conviction relief starts once the sentence becomes final, not from the date that it was rendered. State v. Delaune, 2000-0196 (La.App. 4 Cir. 2/7/01), 780 So.2d 1098. In State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197, p. 21 (La.9/5/95), 660 So.2d 1189, 1201, the Louisiana Supreme Court held that the statute providing that a trial court shall inform the defendant of the prescriptive period for post-conviction relief does not bestow an enforceable right upon an individual defendant. In State v. Dunn, 99-1698 (La.App. 4 Cir. 9/13/00), 769 So.2d 673, writs denied, 2000-3005 & 2000-3035 (La.10/26/91), 799 So.2d 1149, this Court noted that the article setting limitation periods on post-conviction relief is a directive to the trial court, and provides no remedy for an individual defendant. The trial court’s failure to advise the defendant of the two-year limitation period for applying for post-conviction relief required no action by the appellate court in State v. Moore, 99-2684 (La.App. 4 Cir. 12/20/00), 777 So.2d 600, writ denied, 2001-0365 (La.12/14/01), 803 So.2d 986.
In the present case, the trial judge stated:
Please be advised, sir, that you have two years from this date to seek any writs in this matter. Failing to do so may cause the gentleman to lose any right to have any writ considered thereafter.
The trial court erred in saying that the cut off date was two years from the date of sentencing. Under La.C.Cr.P. Art. 930.8A, the correct date is two years after the judgment of conviction and sentence become final, ie., two years after the date the appeal on this matter is final pursuant to La.C.Cr.P. Art. 922. The time limitation has not commenced to run. Any failure of the trial court to advise the defendant of the two-year limitation period to apply for post conviction relief requires no action by the appellate court.
Accordingly, the defendant’s convictions and sentences are affirmed.

AFFIRMED.

. La. R.S. 40:966(B)(2) provides:
Any other controlled dangerous substance classified in Schedule I, shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, at least five years of which shall be served without benefit of parole, probation, or suspension of sentence, and pay a fine of not more that fifty thousand dollars.

. These cases held that the reviewing court will not correct an illegally lenient sentence on appeal when the State did not raise the issue.

. La. R.S. 15:301 provides:
§ 301.1 Sentences without benefit or probation, parole, or suspension of sentence; correction
A.When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
B. If a sentence is inconsistent with statutory provisions, upon the court’s own motion or motion of the district attorney, the sentencing court shall amend the sentence to conform to the applicable statutory provisions. The district attorney shall have standing to seek appellate or supervisory relief for the purpose of amending the sentence as provided in this Section.
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
D. Any amendment to any criminal sentence as authorized by the provisions of this *491 Section shall be completed within one hundred eighty days of the initial sentencing.
In State v. Williams, id., the Louisiana Supreme Court noted:
The plain language of Paragraph (D) subjects sentencing amendments “authorized by the provisions of this Section” to the 180 day time limitation. As pointed out, no amendment of the defendant's sentence was accomplished through any provision of La. Rev.Stat. Ann. § 15:301.1: sentencing errors akin to those delineated under Paragraph A are not subject to amendment; and those errors recognized in Paragraph B were not raised either by the sentencing court or the district attorney, the method authorized in La.Rev.Stat. Ann. § 15:301.1(B). Accordingly, whatever time limitation provided in Paragraph D was in-application to the appellate court under the particular procedural facts present. [Emphasis added.]
Id., 800 So.2d at 802.