11 Judge TERRI F. LOVE.
On December 10, 2001, defendant James Richardson was charged by bill of information with one count of possession of cocaine in violation of La. R.S. 40:967. Defendant pleaded not guilty at his December 13, 2001, arraignment. On January 7, 2002, a six-person jury found the defendant guilty of attempted possession of cocaine. The trial court ordered a pre-sentence investigation on the defendant. On March 21, 2002, the trial court sentenced the defendant to thirty months at hard labor pursuant to La. R.S. 15:574.5, the About Face program. The trial court denied the defendant’s motion to reconsider sentence and granted the defendant’s motion for appeal.
STATEMENT OF FACT
On November 25, 2001, detectives Corey Robinson and Jeffrey Vappie, of the New Orleans Police Department, conducted surveillance in the 3900 block of Jumonville Courtyard. Detective Robinson testified that the surveillance was conducted for approximately thirty minutes, and during that time they observed several subjects conduct what appeared to be three drug transactions. The detectives approached the subjects on foot. Detective Robinson testified the defendant became nervous and ran into a nearby apartment. Detective Robinson |2pursued the defendant, and the defendant discarded two plastic baggies, later found to contain marijuana and *345 crack cocaine. Once the defendant was apprehended, Detective Robinson conducted a pat down for weapons and seized four hundred dollars in cash from the defendant.
DISCUSSION
The defendant argues that he was denied his right to a fair trial, due to prejudicial and erroneous statements made by the state and the trial judge; therefore, the trial court should have granted his motion for mistrial.
Mistrial is a drastic remedy, and should be declared only when there is a risk of unnecessary prejudice to the defendant. The trial court has discretion to determine whether a fair trial is impossible, or whether an admonition is adequate to assure a fair trial when the alleged misconduct does not fit into the provisions for mandatory mistrial, and the ruling will not be disturbed on review absent an abuse of discretion. State v. Lems, 95-0412, p. 3 (La.App. 4 Cir. 9/28/95), 662 So.2d 77, 79. In the instant case defense counsel in his closing argument stated in part:
Mr. Hessler: You’ve simply got the testimony of two officers, and conflicting testimony at that, and it can’t be both ways it just can’t — it can’t be both ways. And you don’t — you shouldn’t have to pick, because if you’ve got to pick who you’re gonna believe, then you’re basically just tossing a coin, and this man deserves more than that. Anybody sitting over there as a defendant that’s looking at spending a long time in prison, his fate shouldn’t be decided on a coin toss on who I believe, especially when it’s between the state’s witnesses. That’s — that’s that shouldn’t be the case. * * *
State: Ladies and gentlemen, first of all I’ve got to address the situation when defense counsel presented to you that the defendant faces a long time in prison. This is a third class felony. In the State of Louisiana, he | ¡¡faces a sentencing range of zero to five years. He could walk out of here today if found guilty.
Court: I’m going to overrule any objection that is made with regard to that comment. That is not inaccurate. I’ll instruct the jury as to sentencing at the appropriate time.
The trial court, while instructing the jury, stated in part:
The penalty with regard to the charge of possession of cocaine is as follows: Whoever violates the law with regard to law of possession cocaine shall be imprisoned for not more than five years at hard labor. That means the court had the right to impose either a fine or probation or a jail sentence. The court has discretion with regard to sentencing in this case.
.... Those are the two definitions of an attempt you will be asked to consider during your deliberations. The penalty for attempted possession of cocaine is imprisonment at hard labor from anywhere from zero up to thirty months. Again, just as I said before, the same discretion applies. The law gives the court the right to impose a fine or probation or a jail sentence of not more than thirty months.
Defendant made a motion for mistrial, arguing that the statements made by the prosecutor and trial judge that the defendant could be sentenced up to five years, and the prosecutors statement implying that the defendant could walk out of court a free man, was improper. Defendant characterized the statements as “lies”, “unethical”, and that they “under *346 mined the system.” The court countered that defendant opened the door by stating, in its closing argument, that defendant faced “a long time in prison”, and that the state was just responding to defendant’s assertions. The court continued, commenting on the appropriateness of defendant’s tactics:
It is improper in my opinion to talk in terms of him having to go to jail for a very long period of time because the argument is relying solely on sympathy, passion, prejudice and bias. He is not arguing facts and he’s not arguing guilt or the lack of guilt; therefore, they |4have the right to come back and respond to what the true sentencing parameters are in this case.
The Supreme Court stated in State v. Jackson, 450 So.2d 621, 633-34 (La.1984):
When the penalty imposed by the statute is a mandatory one, the trial judge must inform the jury of the penalty on the request of the defendant and must permit the defense to argue the penalty to the jury. State v. Hooks, 421 So.2d 880 (La.1982); State v. Washington, 367 So.2d 4 (La.1978). In instances other than when a mandatory legislative penalty with no judicial discretion as to its imposition is required following verdict, the decision to permit or deny an instruction or argument on an offense’s penalty is within the discretion of the trial judge. State v. Williams, 420 So.2d 1116 (La.1982). (Emphasis Added).
This Court in State v. Guillard, 98-0504, pp. 8-9, (La.App. 4 Cir. 4/7/99), 736 So.2d 273, found in a situation similar to the instant case, where appellant argued that the trial court erred in giving instructions to the jury regarding the sentencing range for attempted possession of cocaine, where defendant was a third felony offender not eligible for probation, that:
... [A] possible adjudication as a habitual offender is a separate proceeding that punishes one for his status as a recidivist, not for the most recent conviction. Since a multiple offender bill of information is not mandatory, but at the discretion of the prosecutor, the possibility that appellant may later be subject to sentence enhancement as a recidivist is speculative.
The trial court did not err by allowing argument and instruction concerning the sentencing range without regard to a multiple bill. As the Louisiana Supreme Court found in Jackson, the choice to permit an argument about the penalty is within the discretion of the trial judge. Furthermore, while the state filed a habitual offender bill of information after defendant was convicted, no habitual offender | shearing has been held. Under our ruling in Guillará, the state would still have to prove that defendant is a recidivist in order to increase his sentence and, thus, until that occurs, defendant’s sentence remains within the original range. Therefore, in addition to the fact that defendant opened the door for a discussion on the sentencing range, the trial court’s instruction on the sentencing range was not only within his discretion, but accurate.
Accordingly we affirm the defendant’s conviction and sentence.
AFFIRMED.