868 So.2d 289 (2004)
STATE of Louisiana, Appellee,
v.
Eddie BROWN, III, Appellant.
No. 37,736-KA.
Court of Appeal of Louisiana, Second Circuit.
March 12, 2004.
Rehearing Denied April 1, 2004.
*291 James E. Beal, Louisiana Appellate Project, for Appellant.
Jerry Jones, District Attorney, Madeleine Slaughter, Assistant District Attorney, for Appellee.
Before STEWART, GASKINS and PEATROSS, JJ.
GASKINS, J.
The defendant, Eddie Brown, III, was convicted by a jury of possession of cocaine. He was then adjudicated a second felony habitual offender and was sentenced to serve eight years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant now appeals his conviction and sentence. We amend, and as amended, affirm the conviction and sentence.

*292 FACTS
After midnight on April 10, 2002, Officers Joel Heard and Daryl Stapp of the Monroe Police Department were on patrol in an area of town known for drug trafficking. They observed a vehicle, driven by the defendant, stopped in the middle of Dixie Street. Two men were standing at the driver's side of the vehicle with their hands inside the car. As the officers approached the vehicle in their patrol car, the two men ran away and the defendant started driving away. The officers followed the vehicle and turned on their emergency lights. The car turned into a residential driveway, the passenger door opened, and two men immediately got out. Officer Stapp stopped the men and put them on the ground. The defendant put the car in reverse and attempted to leave the scene. Officer Heard pointed his gun at the defendant and commanded him to stop.
Officer Heard then ordered the defendant to get out of the car. After handcuffing him, the officer observed a brown piece of paper on the ground on the driver's side of the car. The paper was dry although the ground was wet due to recent rain. The paper was found to contain two plastic bags containing substances later determined to be marijuana and cocaine. The defendant denied that the drugs belonged to him. He contended that they belonged to the passengers. The officer saw no other people in the area at the time of the arrest. The defendant did not have a significant amount of money with him nor did he have any drug paraphernalia.
The defendant was charged with possession of cocaine. On October 29, 2002, a jury convicted him as charged. The defendant was sentenced to serve five years at hard labor. After being adjudicated a second felony habitual offender, he was sentenced on January 17, 2003 to serve eight years at hard labor without benefit of probation or suspension of sentence. A motion to reconsider the sentence was filed on January 21, 2003. On August 12, 2003, pursuant to an order of this court, the trial court denied the motion to reconsider the sentence and clarified that the original five-year sentence was vacated following the defendant's adjudication as a habitual offender. The trial court then stated that the defendant was sentenced to serve eight years at hard labor without benefit of parole, probation or suspension of sentence. The defendant appealed, claiming that the evidence was insufficient to support the conviction, that the sentence imposed was excessive, and that the sentence was improperly ordered to be served without parole.

SUFFICIENCY OF THE EVIDENCE
The defendant argues that his conviction should be overturned because the evidence was not sufficient to convict him of possession of cocaine. This argument is without merit.
Although the record does not reflect that the defendant filed a motion for post verdict judgment of acquittal pursuant to La. C. Cr. P. art. 821, this court will consider sufficiency arguments in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 *293 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, XXXX-XXXX (La.10/17/97), 701 So.2d 1333.
This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, XXXX-XXXX (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 1998-2723 (La.2/5/99), 737 So.2d 747.
Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Anderson, 36,969 (La.App.2d Cir.4/9/03), 842 So.2d 1222. For circumstantial evidence to convict, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. Flight and attempt to avoid capture are circumstances from which the trier of fact may infer guilt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir. 1992), writ denied, 605 So.2d 1089 (La. 1992).
La. R.S. 40:967(C), in part, prohibits the knowing and intentional possession of a Schedule II controlled dangerous substance. Cocaine is a Schedule II controlled dangerous substance. La. R.S. 40:964, Schedule II(A)(4). To support a conviction for possession of cocaine, the state must establish that the defendant was in possession of the drug and that he knowingly or intentionally possessed it. State v. Shields, 1998-2283 (La.App. 4th Cir.9/15/99), 743 So.2d 282.
However, to be guilty of possession of a controlled dangerous substance, one need not actually possess the contraband; constructive possession is sufficient to convict. Constructive possession means having an object subject to one's dominion and control, with knowledge of its presence, even though it is not in one's physical possession. State v. White, 37,261 (La. App.2d Cir.6/25/03), 850 So.2d 987.
Mere presence in the area where narcotics are discovered is insufficient to support a finding of possession. However, the fact finder may draw reasonable inferences based upon the evidence presented at trial. State v. White, supra; State v. Allen, 34,103 (La.App.2d Cir. 12/22/00), 774 So.2d 1212.
A determination of whether there is "possession" sufficient to convict depends on the peculiar facts of each case. Factors to be considered in determining *294 whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. State v. Toups, XXXX-XXXX (La.10/15/02), 833 So.2d 910.
The defendant argued that the drugs belonged to the passengers of the car. He questioned the officers about whether there was a sofa under the carport of the driveway in which the defendant stopped. He argued that there may have been people on the sofa who dropped the drugs when they saw the police approaching. The testimony of Officer Heard and Officer Stapp showed that they did not see any other people in the area. Also, the defendant stopped his car in the driveway, not under the carport.
Mark Johnson of the Monroe Police Department testified as an expert in training techniques, as well as packaging, value and handling of narcotics. He stated that the situation observed by Officers Heard and Stapp looked like a drug deal. Officer Johnson testified that the amount of cocaine found in this case was approximately one-eighth of an ounce and is known as an "eight ball" on the street. He said that amount of cocaine could be bought by a dealer for $200 to $225. If cut and resold, a dealer could make between $300 to $350 for an "eight ball."
The officers' testimony shows that, although they did not see the actual drug transaction, when they first observed the defendant's vehicle, two men were standing outside on the driver's side of the car, with their hands in the car. The individuals standing outside the car fled when the police approached. The defendant also attempted to drive away from the police.
The officers followed in their patrol car with emergency lights activated. When the defendant pulled into a driveway, his passengers jumped out of the vehicle and tried to run away. The defendant then tried again to drive away, and was ordered out of the car at gunpoint. After the defendant was handcuffed, the dry paper containing the drugs was found on the wet ground, on the driver's side of the vehicle.
In this case, no drugs were found on any occupants of the car, the officers did not see the drugs passed to them while the car was stopped on Dixie Street, and the officers did not see anything being tossed from the car. However, the testimony of the officers shows that the defendant and his passengers were stopped in an area known for drug trafficking, engaging in behavior that appeared to be a drug transaction. When the defendant was apprehended, drugs were found near him and appeared to have been there only a short time. The defendant was the only person close to the area where the cocaine was found.
Under these facts, the evidence is sufficient for the jury to conclude that the defendant and his friends purchased the cocaine from the individuals outside the car and that the defendant was in constructive possession of cocaine. The jury did not err in finding the defendant guilty of possession of cocaine based upon this record.

EXCESSIVE SENTENCE
Following the defendant's conviction for possession of cocaine, his adjudication as a second felony habitual offender, and his sentence to serve eight years at hard labor without benefit of probation or suspension of sentence, the defendant filed a motion to reconsider his sentence. When the trial court failed to rule on the *295 motion, this court ordered the court to do so. The trial court was also ordered to clarify the sentence because the first sentence had not been vacated before the imposition of the habitual offender sentence. Following his resentencing, the defendant appealed, claiming that the sentence was excessive. This argument is without merit.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
The second prong of the test of whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1 § 20 if it is grossly out of proportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Brown, 35,641 (La.App.2d Cir.8/20/03), 852 So.2d 1234.
The defendant argues that the trial court failed to adequately consider that, at 22 years of age, he was a youthful offender, that he is not dangerous, and that there was only circumstantial evidence against him. The trial court had access to and considered a presentence investigation report listing all pertinent information about the defendant's family background and listing his extensive criminal record, including convictions for burglary of a pharmacy and attempted possession of marijuana. One month prior to the present offense, the defendant had been released from prison on a 2000 conviction for possession of cocaine with intent to distribute.
La. R.S. 40:967 provides that the penalty for possession of cocaine is imprisonment with or without hard labor for not more than five years; in addition, a defendant may be sentenced to pay a fine of not more than $5,000. La. R.S. 15:529.1 provides that, upon adjudication as a habitual offender, if the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the *296 sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a conviction. Therefore, the defendant's sentencing exposure for incarceration was two and one-half to 10 years. His sentence of eight years at hard labor is not excessive. The sentence imposed by the court is tailored to the offender and the offense and does not shock the sense of justice.

ILLEGAL SENTENCE
The defendant argues that the minutes from his resentencing on August 12, 2003, reflect an illegally excessive sentence because the defendant was ordered to serve eight years at hard labor without benefit of probation, suspension of sentence, or parole. The prosecution agrees that this argument has merit.
La. R.S. 15:529.1(G) provides that a sentence imposed under the habitual offender statute is to be served without benefit of probation or suspension of sentence. The statute does not specify that the sentence be served without benefit of parole. State v. Tate, XXXX-XXXX (La.11/24/99), 747 So.2d 519.
We note that when the defendant was originally sentenced as a habitual offender on January 17, 2003, the trial court specifically stated that the sentence was imposed under the provisions of La. R.S. 15:529.1(G), to be served without benefit of probation or suspension of sentence. The sentence was not ordered to be served without the benefit of parole. The intent of the sentencing court was clearly to comply with the applicable statutory provisions. It appears that on August 12, 2003, when the trial court clarified the sentence in compliance with an order of this court, it simply misspoke in including parole in the list of benefits to be denied the defendant. We amend the sentence and the minutes to delete any reference to service of the sentence without eligibility for parole.

ERROR PATENT
The transcript of the defendant's resentencing on August 12, 2003, shows that he was not advised of the delays within which he may seek post conviction relief under La. C. Cr. P. art. 930.8. By this opinion, we inform the defendant that no application for post conviction relief, including one which seeks an out-of-time appeal, will be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. art. 914 or 922.

CONCLUSION
For the reasons stated above, we affirm the conviction of the defendant, Eddie Brown III, for possession of cocaine. We amend the sentence to provide that the defendant is to serve eight years at hard labor without benefit of probation or suspension of sentence. We delete reference to denial of parole. The sentence is affirmed in all other respects.
AMENDED AND AFFIRMED AS AMENDED.
STEWART, J., dissents with written reasons.
STEWART, J., dissenting.
Because I find the circumstantial evidence upon which this conviction rests insufficient to establish the defendant's guilt beyond a reasonable doubt, I respectfully dissent from the majority's decision to affirm the defendant's conviction for possession of cocaine.
This is a matter of constructive possession, which requires proof that the accused exercised dominion and control over the *297 contraband and had knowledge of its presence. State v. White, 37,261 (La.App.2d Cir.6/25/03), 850 So.2d 987. The evidence fails to establish either the defendant's dominion, control, or knowledge of the cocaine found in a bag on the ground outside of the defendant's vehicle. The officers who testified neither witnessed an exchange between the defendant or his passengers with persons outside the vehicle, nor did they witness the defendant or any of his passengers throwing anything from the vehicle. This conviction rests only on the fact that the defendant was in an area known for drug activity and that a bag of drugs was found near his vehicle. This meager circumstantial evidence is woefully inadequate to meet the high burden required for criminal prosecution. For these reasons, I dissent.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, GASKINS and PEATROSS, JJ.
Rehearing denied.
Stewart, J., would grant rehearing.