JOAN BERNARD ARMSTRONG, Chief Judge.
hThe defendant was charged by bill of information on September 2, 2004 with possession of cocaine, a violation of La. R.S. 40:967(0(2). At arraignment on Sep *1122 tember 14, 2004, he entered a plea of not guilty. The court found probable cause on October 7, 2004 and denied the defendant’s motion to suppress evidence. Following trial on November 9, 2004, a six-member jury found defendant guilty as charged. On January 7, 2005, the court found him to be a third felony offender and sentenced him on March 11, 2005 to serve eight and one-half years at hard labor to run consecutively with any other sentence. On that same day, the court also granted the defendant’s motion for appeal.
At trial, Officer Frederick Carter testified that on August 20, 2004, he and his partner, Officer Kevin Boswell, were assigned to the Fifth District Task Force. Around 12:45 a.m., they saw the defendant staggering down the middle of Flood Street. Being concerned for the defendant’s safety, the officers approached him and asked his name. When he answered, they smelled alcohol on his breath. At that time, they determined that he was intoxicated and prepared to issue him a citation for public intoxication. They ran his name on a field computer and determined that he was subject to an outstanding warrant. He was Mirandized and | ^placed under arrest. Officer Carter then conducted a search of the defendant’s person and found a brown paper bag containing three rock-like substances that he believed to be crack cocaine[1] in the defendant’s pocket.
The defendant testified in his own behalf, maintaining that he had not been drinking that night. He stated that he was coming from the grocery and was walking home on the sidewalk when the police stopped him and informed him that there was a warrant out for his arrest. He was handcuffed and searched. The officers did not find anything illegal on his person. The defendant admitted that he had pled guilty to possession of cocaine twice before, and that several months earlier this same police officer stopped him for obstructing the sidewalk. He had been stopped several times because he lives in a “drug happy” area.
A review of the record reveals no errors patent.
The defendant argues that the district court erred in allowing the prosecutor to suggest to the jury that a guilty verdict could result in defendant’s receiving drug treatment rather than jail time. He complains that during closing argument, defense counsel twice argued that the evidence was not sufficient to permit the jury “to convict a person and deprive him of his freedom.” The State objected, and the court sustained the objection. The defendant asserts that contained in the court’s sustaining of the State’s objection was the suggestion that incarceration was not necessarily the consequence of a guilty verdict. The defendant further maintains that the court abused its discretion by allowing the State to lead the jury to believe that a conviction could result in nothing more than a “rehab program.” The State argued: “The Judge’s job, if you find him guilty, is to determine his punishment, to determine does he need a rehab program that they have for him? Does he need 13other sentencing?” Defendant contends that the State deliberately misled the jury because at the time the statement was made, the State had already signed a multiple bill of information to be filed as soon as the verdict was reached, making jail time mandatory.
In State v. Guillard, 98-0504 (La.App. 4 Cir. 4/7/99), 736 So.2d 273, the defendant argued that the trial court erred in failing to grant his motion for a mistrial due to *1123 the erroneous instructions gratuitously given to the jury regarding sentencing. The defendant contended that the trial court volunteered information on the sentencing range for attempted possession of cocaine and said that the defendant could receive a probationary sentence. Because the defendant was a third offender and thus not eligible for probation, defense counsel asked for a mistrial which the court denied. This court found that a possible adjudication as a habitual offender is a separate proceeding that punishes one for his status as a recidivist, not for the most recent conviction. Since a multiple offender bill of information is not mandatory, but at the discretion of the prosecutor, the possibility that a defendant may later be subject to sentence enhancement as a recidivist is speculative.
Here, the statements made by the State regarding sentencing related to defendant’s most recent conviction.
The defendant relies also on our opinion in State v. Richardson, 02-1207 (La. 4 Cir. 10/9/02), 830 So.2d 344. In that case, the defendant moved for mistrial, arguing that the statements made by the prosecutor and trial judge that the defendant could be sentenced up to five years and the prosecutor’s statement that the defendant could walk out of court a free man, was improper. The prosecutor argued to the jury, “The law gives the court the right to impose a fine or probation |4or a jail sentence of not more than thirty months.” This Court upheld the conviction and sentence, citing Guillará. We concluded:
The trial court did not err by allowing argument and instruction concerning the sentencing range without regard to a multiple bill. As the Louisiana Supreme court found in Jackson[2], the choice to permit an argument about the penalty is within the discretion of the trial judge.
This claim has no merit.
The defendant contends that his sentence for the crime of being a drug addict is excessive. Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the needless and purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992).
The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Walker, 96-112 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, 535, citing State v. Howard, 414 So.2d 1210 (La.1982). A trial court abuses its discretion only when it contravenes the prohibition against excessive punishment set forth in the Louisiana Constitution, Article I, Section 20, which bars “punishment disproportionate to the offense.” Sepulvado, 367 So.2d at 767. A sentence is grossly disproportionate if, when the crime and punishment |Rare considered in light of the harm done to society, it shocks the sense of justice. Lobato, 603 So.2d at 751.
The defendant admitted that he has a drug problem, and asked the court to consider providing him with help. The court then reviewed his arrest and conviction history. In 1988, the defendant pled guilty to possession of cocaine and received a *1124 suspended sentence with two years active probation. In 1991, he again pled guilty to possession of cocaine and received another suspended sentence with active probation, notwithstanding the fact that he was a second offender and pled guilty to the multiple bill. His probation was revoked because he violated his supervision and left the state without permission. The court noted that the defendant had been given several opportunities to rehabilitate himself in both the About Face and Impact Programs and failed to do so. The court also noted the defendant’s long history of drug related arrests. Shortly after being arrested and shortly after the case was dismissed, he was arrested again for another drug related offense. The. court sentenced the defendant to serve eight and one half years; the maximum sentence he could receive as a third offender was ten years at hard labor.
In State v. Joseph, 99-1161 (La.App. 5 Cir. 3/22/00), 759 So.2d 141, the Fifth Circuit found a sentence of eight years for a defendant convicted of possession of cocaine as a second offender was not excessive. In State v. Brown, 37,736 (La.App. 2 Cir. 3/12/04) 868 So.2d 289, another sentence of eight years at hard labor, without the benefit of probation or suspension of sentence, for possession of cocaine as a second felony habitual offender, was not excessive.
 Sentences within the legislatively provided range are presumed constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. With | ^regard to the habitual offender statute, the burden is on the defendant to rebut the presumption of constitutionality by showing he is somehow exceptional.
The defendant argues that his sentence is excessive because he is being punished for being a drug addict. He was convicted and sentenced for possession of cocaine. Considering the factors enunciated by the court at the sentencing hearing, the defendant’s sentence of eight and one half years cannot be said to be excessive. The defendant has not proven that the trial court abused the liberal discretion allowed in sentencing. This assignment of error is without merit.
The defendant next asserts that La. R.S. 15:529.1 as applied to recidivists whose predicate offenses were the direct result of drug addiction violates the ban on cruel and unusual punishment, citing Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) in which the Supreme Court held that a state may not criminalize the status of being a drug addict. The Court held that the state has the broad power to regulate narcotic traffic within its borders, including imposing criminal sanctions against the unauthorized manufacture, prescription, sale, purchase, or possession of narcotics. Mr. Washington was not punished for being a drug addict, but for possessing cocaine in the instant case and for two prior convictions for possession of crack. The Habitual Offender Law has been held constitutional. State v. Johnson, 97-1906, pp. 5-6 (La.3/4/98), 709 So.2d 672, 675. The defendant has not shown that, as applied to him, La. R.S. 15:529.1 is unconstitutional.
The defendant’s final claim is that his habitual offender sentence in excess of the five-year maximum violates his right to a jury trial because the enhancement was based on a finding of fact made by the judge and not the jury. In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the defendant was convicted ^pursuant to his guilty plea to possession of a firearm for an unlawful purpose and unlawful possession of a prohibited weapon. He was sentenced beyond the statutory maximum pursuant to *1125 New Jersey’s hate crime statute. The Court held that, other than the fact of prior convictions, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury. Apprendi specifically exempted prior convictions from those factors which must be tried to a jury to increase a penalty beyond the statutory maximum for the substantive offense. Thus, Louisiana’s scheme permitting multiple offender proceedings to be heard before a judge alone does not violate the Due Process Clause.
The Court in Apprendi relied on Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).[3] Defendant points out that the Court in Apprendi stated, “[I]t is arguable that Almendarez-Torres was incorrectly decided.” Apprendi, 530 U.S. at 489-490, 120 S.Ct. at 2362. The defendant then argues that as the actual overruling of Almendarez-Torres is both certain and imminent, the practical effect is that this court should hold that his habitual offender sentence violates his Sixth Amendment rights. However, the language cited by the defendant must be considered in context. The Court noted:
Even though it is arguable that Al-mendarez-Torres was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decision’s validity and we need not revisit it for purposes of our | ^decision today to treat the case as a narrow exception to the general rule we recalled at the outset. Given its unique facts, it surely does not warrant rejection of the otherwise uniform course of decision during the entire history of our jurisprudence. In sum, our reexamination of our cases in this area, and of the history upon which they rely, confirms the opinion that we expressed in Jones.[4], . Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362.
Until Almendarez-Torres and its progeny are overruled, their holdings are binding on this court. This assignment of error lacks merit.
For the foregoing reasons the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. The parties stipulated that the substance tested positive for cocaine.

. State v. Jackson, 450 So.2d 621 (La.1984).

.In Almendarez-Torres, the defendant was convicted of illegally reentering the United States after having been previously deported following his conviction for aggravated felonies. On certiorari, the Supreme Court held that: (1) the statutory subsection authorizing a sentence of up to twenty years for any alien who illegally returned to the United States after having been previously deported following conviction for an aggravated felony was a mere penalty provision and did not serve to define a separate immigration-related offense; and (2) Congress's decision to treat recidivism, and in particular the- fact that an alien is deported following his conviction for an aggravated felony, merely as a sentencing factor upon the alien's subsequent conviction of illegal reentry offense, rather than as an element of that offense, did not exceed due process or other constitutional limits on Congress’s power to define the elements of a crime.

. Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).