982 So.2d 876 (2008)
STATE of Louisiana
v.
Oliver JARREAU.
No. 2007-KA-1052.
Court of Appeal of Louisiana, Fourth Circuit.
March 26, 2008.
Eddie J. Jordan, Jr., District Attorney, Donna Andrieu, Assistant District Attorney, Bonnie Kendrick, Legal Intern, New Orleans, LA, for Plaintiff-Appellee.
Carey J. Ellis, Jr., Louisiana Appellate Project, Rayville, LA, for Defendant-Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS, SR. and Judge MAX N. TOBIAS, JR.).
*877 JOAN BERNARD ARMSTRONG, Chief Judge.
STATEMENT OF CASE
On December 2, 1998, the State charged the defendant, Oliver Jarreau, with one count of simple possession of cocaine. At his arraignment on December 7, he pled not guilty. On July 22, 1999, a six-person jury found him guilty as charged. On January 19, 2000, the court denied his motion to quash the multiple bill, found him to be a third offender, and sentenced him to life imprisonment without benefit of parole, probation, or suspension of sentence. On appeal from his conviction and sentence, this court noted that the trial court failed to rule on his motion to reconsider sentence. In an unpublished opinion this court affirmed his conviction and remanded the case to the trial court for a ruling on the defendant's motion to reconsider sentence, reserving to the defendant the right to move for an appeal of his sentence. State v. Jarreau, unpub. 2000-2013 (La.App. 4 Cir. 12/27/01), 810 So.2d 585. The Supreme Court denied writs, State v. Jarreau, XXXX-XXXX (La.10/25/02), 827 So.2d 1171.
On July 9, 2003, the trial court denied the motion to reconsider sentence, and on January 14, 2005, the court granted the defendant's motion for appeal. This court subsequently vacated the defendant's sentence and remanded the case with orders to the trial court to order a presentence investigation and to determine whether the minimum sentence available to the defendant as a third offender would be excessive in his case. State v. Jarreau, XXXX-XXXX (La.App. 4 Cir. 12/14/05), 921 So.2d 155. The Supreme Court denied writs. State v. Jarreau, XXXX-XXXX (La.6/14/06), 929 So.2d 1267.
On February 14, 2007, the court resentenced the defendant to serve ten years at hard labor as a third offender. The court denied his motion to reconsider sentence but granted his motion for appeal.[1]
DISCUSSION
By his sole assignment of error, the defendant contends that the trial court erred by imposing an excessive sentence. The defendant received a sentence of ten years at hard labor. At the time of offense, La. R.S. 15:529.1 A(2)(b)(ii) provided that a defendant was subject to a mandatory life sentence if his third felony or any of the two prior felonies was a crime of violence, was a violation of the Uniform Controlled Dangerous Substances Law punishable by more than five years, or was a felony punishable by more twelve years imprisonment. While the defendant's present offense (simple possession of cocaine) and one of his prior offenses listed in the multiple bill (possession of an unregistered firearm) did not fall within these categories, his other prior offense, second degree battery, is defined as a crime of violence under La. R.S. 14:2(13). Thus, the mandatory sentence for his third offender adjudication was life imprisonment, the sentence the trial court initially imposed.
In his second appeal, the defendant argued that his life sentence, although mandated by La. R.S. 15:529.1 as it existed at the time of the offense, was nonetheless unconstitutionally excessive as applied to the present offense. This court agreed, noting that in 2001 the legislature amended La. R.S. 15:529.1 to provide that a life sentence as a third offender was mandatory only where the present offense and the two prior offenses fall within the categories listed above; otherwise, he would be exposed *878 to a sentence of not less than two-thirds of the maximum sentence and not more than twice the maximum sentence as a first offender. Thus, if the defendant had committed the crime after the amendment of the statute, the defendant would have faced a sentence of forty months to ten years. This court noted that under State v. Dorthey, 623 So.2d 1276 (La.1993), a trial court could find that a mandatory sentence is unconstitutionally excessive as applied to a particular defendant. This court acknowledged that the defendant did not offer any meaningful mitigating factors to prove the excessiveness of the sentence, but it found that this might have occurred due to the workload of the indigent defender. This court noted that because it did not have the aid of a presentence investigation report, it did not know the extent, if any, of the defendant's prior criminal history or his amenability to rehabilitation. This court vacated the defendant's sentence and remanded the case for resentencing, ordering the trial court to order a presentence investigation prior to sentencing and allowing the defense to present any mitigating evidence to support its excessive sentence claim. This court further ordered the trial court to determine whether the mandatory life sentence was unconstitutionally excessive when applied to the defendant's case.
On remand, the trial court ordered a presentence investigation. Although the record does not contain the presentence investigation report, at the sentencing hearing the court reiterated the contents of the report. The court listed various arrests for felony offenses, starting as an adult in 1967, when the defendant was found not guilty of illegal possession of a weapon. A charge of first degree murder was dismissed in 1970. In 1972, the defendant was convicted of carrying a concealed weapon and was fined. In 1974, he was convicted of illegally carrying a firearm and was sentenced to serve one year. In 1978, charges were refused for his arrests for aggravated battery with a dangerous weapon and aggravated assault. In 1979, a charge of aggravated assault was refused. In 1980, he was arrested on an unspecified municipal charge, the disposition of which the court did not mention. In 1981, charges of attempted first degree murder and illegal flight from an officer were refused. Likewise, in 1983 charges of flight from an officer, simple battery, and armed robbery were refused. The court noted arrests in 1984 for battery and illegal weapons and in 1985 for battery, for which there was no disposition. In 1985, charges were refused for aggravated battery with a dangerous weapon. In 1986, the defendant was convicted of second degree battery[2] and sentenced to serve four years. In the same year, the State refused charges of aggravated battery by shooting, disturbing the peace, illegal carrying of a firearm, possession of a firearm by a felon, aggravated battery, and simple battery. In 1990, the defendant pled guilty to possession of an unregistered firearm and received a sentence of two and half years.
At the sentencing hearing, the court noted that it had originally sentenced the defendant to life imprisonment, the mandatory minimum sentence available under La. R.S. 15:529.1 as it existed at the time of the offense. The court noted that this court remanded the case for the ordering of a presentence investigation and for consideration if the mandatory minimum sentence was excessive as applied to the appellant's *879 case. The court stated that prior to the imposition of the life sentence at the previous hearing, the defense argued that the life sentence was excessive as applied to his case, but the court at that time rejected this argument. The court indicated that after reading the presentence investigation, it still felt that a life sentence would not be excessive in this case. The court stated: ". . . I knew of what I just confirmed by reading this record again that you have got a bad record. You have got a bad record. And I don't think that you are an exceptional circumstance under Dorothy [sic]." However, because this court found that the life sentence was excessive and that a sentence under the range as set forth in the amendments to La. R.S. 15:529.1 was more in keeping with what the appellant should receive, the trial court felt that it could not impose a sentence of more than ten years. It then imposed the ten-year sentence.
The defendant now argues that the ten-year sentence is excessive. He states that this sentence is the maximum sentence he could have received. He is incorrect, in that the maximum sentence he could have received was a life sentence. Ten years would have been the maximum sentence he could have received had he committed his crime after the amendments to La. R.S. 15:529.1, but he committed the present crime before the amendments. Although this court found that a life sentence probably was excessive in this case, it did not specify that the trial court was limited to imposing a sentence within the provisions of La. R.S. 15:529.1 as amended.
In State v. Smith, 2001-2574, p. 7 (La.1/14/03), 839 So.2d 1, 4, the Court set forth the standard for evaluating a claim of excessive sentence:
Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that "[n]o law shall subject any person to . . . excessive . . . punishment." (Emphasis added.) Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 357 (La.1980). A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462; cf. State v. Phillips, 02-0737, p. 1 (La.11/15/02), 831 So.2d 905, 906.
See also State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973; State v. Batiste, XXXX-XXXX (La.App. 4 Cir. 12/20/06), 947 So.2d 810; State v. Landry, XXXX-XXXX (La.App. 4 Cir. 3/31/04), 871 So.2d 1235.
In Batiste, at p. 18, 947 So.2d at 820, this court further explained:
An appellate court reviewing a claim of excessive sentence must determine whether the trial court adequately complied with the statutory guidelines in La.C.Cr.P. art. 894.1, as well as whether the facts of the case warrant the sentence imposed. State v. Landry, supra; State v. Trepagnier, 97-2427 (La.App. 4 Cir. 9/15/99), 744 So.2d 181. However, as noted in State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813:

*880 The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4(D).
If the reviewing court finds adequate compliance with art. 894.1, it must then determine whether the sentence the trial court imposed is too severe in light of the particular defendant as well as the circumstances of the case, "keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged." State v. Landry, XXXX-XXXX at p. 8, 871 So.2d at 1239. See also State v. Bonicard, 98-0665 (La.App. 4 Cir. 8/4/99), 752 So.2d 184.
Here, the trial court more than adequately complied with La. C.Cr.P. art. 894.1 in giving its reasons for sentence, as detailed above. Although the defendant was found with only cocaine residue, the court imposed the ten-year sentence based upon his prior criminal record, which dated back to arrests as early as 1967 and continued through the early 1990s, with incarceration for the last prior offense lasting until the mid 1990s. The present offense occurred in 1998.
In comparison to similar cases, the court did not abuse its discretion in imposing the ten-year sentence in this case. In State v. Washington, XXXX-XXXX (La.App. 4 Cir. 5/10/06), 931 So.2d 1120[3], this court upheld a sentence of eight and a half years at hard labor for a defendant convicted of possession of cocaine and adjudicated a third felony offender. The defendant was found with three rocks of crack cocaine, and he had two prior convictions for simple possession of cocaine. In State v. Brown, 37,736 (La.App. 2 Cir. 3/12/04), 868 So.2d 289, the defendant was found with two bags of marijuana and cocaine. He had an extensive criminal background, including prior convictions for burglary of a pharmacy, attempted possession of marijuana, and possession with the intent to distribute cocaine. The appellate court upheld his eight-year sentence for possession of cocaine as a second offender.
In State v. Robertson, XXXX-XXXX (La. App. 4 Cir. 2/12/03), 840 So.2d 631, the defendant was convicted of possession of cocaine. He was seen selling drugs and was found with eight bags of cocaine. He had prior drug convictions. This court upheld his seven-year sentence for possession of cocaine as a second offender. In State v. Brown, 99-1161 (La.App. 5 Cir. 3/22/00), 759 So.2d 141, the court upheld an eight-year sentence as a second offender. The defendant was found with twenty-two rocks of cocaine, and he had a prior conviction for possession of cocaine.
Here, the defendant was charged with and convicted of simple possession of cocaine residue found in a crack pipe he abandoned when officers approached him. He has prior convictions for possession of an unregistered firearm and second degree battery. He also has an extensive arrest record dating back to 1967. Because he committed the present offense in 1998, he was exposed to a mandatory sentence as a third offender of life imprisonment, which the trial court originally imposed and *881 which this court found to be excessive as applied to this case. On remand, the trial court imposed a sentence of ten years, the maximum sentence to which he could have been sentenced had he committed the present offense after the 2001 amendments to La. R.S. 15:529.1. The court gave adequate reasons for the sentence, and a comparison of sentences of similar crimes does not show that the ten-year sentence in this case is disproportionate to the crime and the defendant's criminal history. Thus, we find that the trial court did not abuse its discretion by imposing the ten-year sentence. This claim has no merit.
For the foregoing reasons, the defendant's ten-year sentence as a third offender is affirmed.
AFFIRMED.
NOTES
[1] It is unclear when the defendant filed his motion to reconsider, but the docket master entry of March 15, 2007, indicates that the court denied the motion on that date.
[2] Although the court referred to this as an aggravated assault, the defendant was charged in that case with aggravated battery and convicted of second degree battery, one of the offenses listed in the multiple bill.
[3] Writ den. XXXX-XXXX (La. 12/15/06), 944 So.2d 1272, cert. den. Washington v. Louisiana, ___ U.S. ___, 127 S.Ct. 2115, 167 L.Ed.2d 827 (2007).