# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 10-909

STATE OF LOUISIANA

VERSUS

JOSHUA DERRICK DAVIS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 299327
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

AFFIRMED.

James C. Downs
District Attorney - 9th Judicial District Court
Brian Davis Mosley
Assistant District Attorney - 9th Judicial District Court
P. O. Drawer 1472
Alexandria, LA 71309-1472
Telephone: (318) 473-6650
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
Telephone: (337) 991-9757
COUNSEL FOR:
    Defendant/Appellant - Joshua Derrick Davis

**William Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**Telephone: (318) 746-7467**
**COUNSEL FOR:**
      **Defendant/Appellant - Joshua Derrick Davis**

**THIBODEAUX, Chief Judge.**

The State of Louisiana (State) charged the defendant, Joshua Derrick Davis, with possession with intent to distribute methamphetamine, a Schedule II, controlled dangerous substance (CDS). The jury found Mr. Davis guilty of the responsive offense of possession of methamphetamine, and Mr. Davis received a sentence of five years. The State filed a habitual offender bill seeking the imposition of an enhanced sentence against Mr. Davis as a third offender. The trial court adjudicated Mr. Davis a third felony offender, vacated its previously imposed five-year sentence, and imposed a sentence of seven years at hard labor. Mr. Davis brought this appeal. For the reasons more fully set forth below, we affirm the defendant's conviction and sentence.

## I.

## ISSUES

We must decide:

(1)    whether the State produced sufficient evidence against the defendant to support the jury's verdict of possession of methamphetamine; and,

(2)    whether the sentence imposed by the trial court was excessive for this offense and this offender.

## II.

## FACTS AND PROCEDURAL HISTORY

Deputy Kyle Sellers, a patrol officer with the Rapides Parish Sheriff's Department, saw Mr. Davis exit a gas station in a blue truck with an expired inspection sticker. The officer turned around to follow, and Mr. Davis sped up and turned into a driveway. Deputy Sellers activated his lights, pulled in behind Mr. Davis, and told him to step to the rear of the truck. Mr. Davis complied but refused

to make eye contact. He exhibited nervous behavior with shaky hands, attempted but could not produce a driver's license, and could not provide the name of the person he allegedly was in route to visit. Deputy Sellers discovered that Mr. Davis had three outstanding warrants, advised him of the warrants, and placed him under arrest.

Deputy Sellers then asked Mr. Davis if anything illegal was in the vehicle. Still without making eye contact, Mr. Davis put his head down and moved it back and forth, indicating that there was not anything illegal in the vehicle. Suspecting that something was being hidden, Deputy Sellers presented Mr. Davis with a consent-to-search form, which Mr. Davis signed.

Deputy Sellers then made contact with the passenger in the truck and asked her to step out. She was crying, upset, could barely talk, and seemed nervous and scared. She said that she was Mr. Davis' girlfriend. When Deputy Sellers asked her if anything illegal was in the truck, she responded that she believed there was, and she indicated that it was in the ashtray.

Deputy Sellers then searched the truck. In the ashtray underneath the radio was a glass pipe, wet with residue, and a folded paper towel containing five small plastic bags of crystal methamphetamine. Mr. Davis admitted the bags were his. The passenger denied that it was hers. Mr. Davis told Deputy Sellers that times were bad, that he was unemployed, that he planned to sell the methamphetamine to someone he knew, and that he had tested it to make sure that it was good before he sold it. At trial, Mr. Davis denied saying that he intended to sell the drugs.

Deputy Sellers had the passenger picked up and the truck towed. Mr. Davis' truck could not be driven on the road. It was uninsured, and the plates were invalid, having been switched out for those of a tan truck of a different vintage.

III.

## LAW AND DISCUSSION

### *Sufficiency of the Evidence*

Mr. Davis contends that the State failed to produce sufficient evidence that would support a finding of constructive possession of the methamphetamine found in his truck. In support of his argument, Mr. Davis asserts that when Deputy Sellers stopped him in his vehicle and asked him if there were any drugs in the vehicle, he did not answer. Mr. Davis then asserts that it was the passenger who told the officer that there was something in the ashtray, resulting in the discovery of five bags of methamphetamine and a glass pipe. He contends that, because it was the occupant who provided the information to the officer regarding the location of the drugs, and because Mr. Davis was not in physical possession of the drugs, the evidence was insufficient to convict him. Thus, he contends on appeal that the State did not prove its case against him.

### *Standard of Review*

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. *See Graffagnino*, 436 So.2d at 563, *citing State v. Richardson*, 425 So.2d 1228 (La.1983).

*State v. Freeman*, 01-997, p. 2 (La.App. 3 Cir. 12/12/01), 801 So.2d 578, 580.

Possession of methamphetamine, a Schedule II CDS, is prohibited by La.R.S. 40:967. The evidence presented at Mr. Davis' trial clearly establishes the essential elements of this offense.

Deputy Sellers testified that on July 24, 2009, he stopped Mr. Davis after noticing that the inspection sticker on his truck was expired. Mr. Davis could not produce a driver's license, and he was found to have three active warrants. As a result of the active warrants, Deputy Sellers arrested Mr. Davis. When asked if there was anything illegal in the vehicle, Mr. Davis responded that there was not, and he consented to a search of his vehicle.

When Deputy Sellers made contact with the passenger of the vehicle, she indicated that she believed there was something illegal in the vehicle. A subsequent search of the vehicle revealed a glass pipe and what appeared to be crystal methamphetamine in the ashtray. Upon being questioned, Mr. Davis told Deputy Sellers that the drugs were his and that he was going to sell them to make a profit; the occupant confirmed to the deputy that the drugs did not belong to her.

As alleged by Mr. Davis, Deputy Sellers did testify that his family knew the passenger's mother. However, when asked why he did not charge the passenger with an offense, he explained that Mr. Davis asked him not to do that because the drugs were not hers. It was stipulated at trial that the substance submitted for testing was indeed methamphetamine.

Mr. Davis testified at trial that prior to being stopped by Deputy Sellers, he had obtained about five grams of methamphetamine from a guy who owed him $400.00 for four tire rims. Mr. Davis accepted the methamphetamine in lieu of money because the guy said he would not have the money for a few more weeks. Mr. Davis testified that he was already in possession of the pipe. He admitted that he and his girlfriend, the passenger in the truck, smoked a little of the methamphetamine

before they were stopped by Deputy Sellers. Mr. Davis denied telling Deputy Sellers that he planned to sell the drugs and testified that he planned to smoke all of it himself.

Hence, the State clearly proved beyond a reasonable doubt that Mr. Davis possessed methamphetamine. Accordingly, there is no merit to this assignment of error.

### *Sentence Imposed*

In Mr. Davis' original brief, he argued that a five-year sentence for the offense of possession is excessive. Since this sentence was vacated when Mr. Davis's habitual offender sentence of seven years was imposed, any claims concerning that first sentence are rendered moot. However, Mr. Davis submitted a supplemental brief contending that his seven-year sentence as a habitual offender is excessive. Mr. Davis argues that he is a young man with a serious drug problem and has the potential for rehabilitation.

Likewise, this argument has no merit. As a third habitual offender, Mr. Davis faced a minimum sentence of 3.33 years and a maximum sentence of ten years at hard labor. La.R.S. 15:529.1(A)(1)(b)(I-little I) and La.R.S. 40:967(C)(2). The seven-year sentence that Mr. Davis received is not excessive as it is supported by the record and by the jurisprudence.

### *Standard of Review*

La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion

5

> in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Salameh*, 09-1422, p. 4 (La.App. 3 Cir. 5/5/10), 38 So.3d 568, 570 (quoting *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331).

In determining whether a sentence imposed by the trial court would shock the sense of justice or fail to make a meaningful contribution to our acceptable penal goals, we have held that:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Salameh*, 38 So.3d at 570-71 (quoting *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061).

In the present case, where the jury found Mr. Davis guilty of possession of methamphetamine, La.R.S. 40:967(C)(2) imposes a sentence of imprisonment with or without hard labor for up to five years and allows a fine of up to $5,000.00. At Mr.

Davis's original sentencing for possession, the trial court considered Mr. Davis' record of arrests and convictions, along with the sentencing guidelines and factors of Article 894.1 of the Louisiana Code of Criminal Procedure, and the court sentenced Mr. Davis to five years. The court gave the following reasons in support of the original five-year sentence:

> Well, by my count it's a, a third felony conviction, based upon the information I have in front of me. And, ah, I certainly find that there is a risk during a period of suspended sentence or probation that you would commit another crime. You certainly do appear to be in need of correctional treatment. I think a lesser sentence would depreciate the seriousness of the crime based upon the continued criminal conduct. And based upon a further consideration of the others (sic) fac, the other factors set forth under Code of Criminal Procedure Article 894.1 and the sentencing guidelines generally, and from what I can tell I, I can't . . . I haven't been presented with any mitigating factors, so, ah, I'mma sentence you to five years with the Department of Corrections.

While the record indicates that a presentence investigation report (PIR) was not ordered, Mr. Davis's own trial testimony reveals that his criminal history began when he was a teenager. At the time of trial in 2009, he was twenty-seven years old and had two felony convictions prior to the subject incident on July 24, 2009.[1] There were other arrests as well. Mr. Davis admitted to having been previously arrested for fighting and disturbing the peace; he denied that the charge included criminal damage to property. He also admitted to having been arrested for possession and distribution of Schedule II drugs. Mr. Davis was arrested in 2001 and subsequently charged with aggravated battery, sexual battery, attempted forcible rape, and simple kidnaping; he pled guilty to aggravated battery and to simple kidnaping.

---

[1]Mr. Davis admitted at trial that he had previously pled guilty to three felonies (aggravated battery, simple kidnaping, and unauthorized entry of an inhabited dwelling), but he stated that "on paper" he was a second offender. The record indicates that the aggravated battery charge and the simple kidnaping charge were both brought on the same date and were both listed in a guilty plea dated August 19, 2002.

In 2005, he was arrested and subsequently pled guilty to unauthorized entry into an inhabited dwelling. Moreover, as noted by the trial judge, Mr. Davis was twice given a break by imposition of a probated sentence, but he managed to have his probation revoked both times.

Pursuant to the hearing on the State's habitual offender bill, wherein the State sought an enhanced sentence, the trial judge heard testimony from the fingerprint expert confirming Mr. Davis' identity on the two prior felony convictions (aggravated battery/simple kidnaping and unauthorized entry of inhabited dwelling) and on the methamphetamine possession felony of July 24, 2009. In adjudicating Mr. Davis a habitual offender, the trial court stated as follows:

> And as a third felony offender, I'm gonna sentence you to seven years at hard labor. The basis for that decision is that, ah, you've previously in, ah, August of ['02], pled guilty to Aggravated Battery. You were placed on probation; you ended up gettin' revoked. In addition, ah, you were in February of '07 placed on supervised probation for Entry of an Inhabited Dwelling, and you ended up getting revoked. And I did sit through the trial, and I believe, based upon what I heard at trial, that would be an appropriate sentence.

A seven-year sentence for a third felony is consistent with the habitual offender statute, La.R.S. 15:529.1(A)(1)(b)(i) which provides in pertinent part as follows:

> A. (1) Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:

8

. . . .

> (b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:

> (i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.

Pursuant to the above, where the longest possible sentence for possession of methamphetamine under La.R.S. 40:967(C)(2) is five years, the third felony offender is subject to two thirds of five years, or 3.33 years, as a minimum sentence, and two times five years, or ten years, as a maximum sentence. Hence, the seven-year sentence of the trial court in this case is a mid-range sentence.

In *State v. Brown*, 37,736 (La.App. 2 Cir. 3/12/04), 868 So.2d 289, *writ denied*, 04-2216 (La. 6/3/05), 903 So.2d 445, the second circuit upheld an eight-year sentence imposed on a second felony habitual offender who had been convicted of possession of cocaine. Brown had three prior convictions and was released from prison one month prior to the subject offense. The court in *Brown* held that the eight-year sentence did not shock one's sense of justice, and it affirmed that sentence.

Likewise, in the present case, the trial court's imposition of a mid-range sentence of seven years upon Mr. Davis does not shock one's sense of justice and is not a needless imposition of pain and suffering. The trial court did not abuse its discretion, and this sentence is not constitutionally excessive.

V.

## **<u>CONCLUSION</u>**

Based upon the foregoing, the State's evidence in this case was sufficient to prove Mr. Davis' guilt of possession of methamphetamine, a Schedule II controlled dangerous substance, and the sentence imposed upon Mr. Davis by the trial court is not excessive.

**AFFIRMED.**